[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Morninstar Robishaw and Gregory Majewski, co-administrators of the estate of the decedent, Larry Robishaw, filed a seven count complaint dated February 23, 2000. The first four counts are against Raymond Murphy, the Zoning Enforcement Officer for the Town of Windham, and generally allege failure by the defendant Murphy to enforce the zoning regulations which allegedly caused the decedent's vehicle to be struck by a train.
The defendant, Raymond Murphy, has filed a motion to strike the first four counts asserting that the plaintiffs' claims are preempted by the exclusivity of Connecticut General Statutes § 13a-149 (the Highway Defect Statute) and that the defendant lacked control over the site of the accident as a matter of law. This court has already analyzed these issues in the companion case of Robishaw v. New England CentralCT Page 11945Railroad, et al. [Docket number X07 CV99 0071617S] The court adopts the reasoning in its July 14, 2000 Memorandum of Decision. Accordingly, the motion to strike on these grounds is denied as to counts one, two and three and granted as to count four.
The defendant also claims that he is protected from suit by governmental immunity for discretionary conduct. Specifically, the defendant cites Connecticut General Statutes § 52-557n(b) which immunizes both municipalities and their employees for "(8) failure to make an inspection or making an inadequate or negligent inspection of any property . . . to determine whether the property complies with or violates any law or contains a hazard to health or safety." The defendant claims that the enforcement of the zoning regulations is a discretionary function for which he should be entitled immunity. In the plaintiffs' complaint, however, the allegations go beyond mere assertions of negligence or the inadequacy of inspections, which would be discretionary in nature entitling a municipal employee to immunity. The plaintiffs allege in (a)(b)(c) and (d) violations of specific sections of the Town's zoning regulations. Taken on their face, as required on a motion to strike, these appear to be allegations of a failure to act in a prescribed maimer or failure to perform ministerial acts. Although the bulk of the plaintiffs' allegations appear to be discretionary in nature, these are not. Accordingly, the motion to strike is denied.
Bishop, J.